HINDS BROS. & CO. *v.* COLLEGIAN SWEATER MILLS CO.

(Division A.  Oct. 21, 1929.)

[124 So. 265.  No. 27998.]

**Blair & Anderson,** of Tupelo, for appellants.

**Boggan & Leake,** of Tupelo, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The appellee is engaged in the wholesale, and the appellants in the retail, mercantile business, and this suit was brought by the appellee to recover from the appellant the balance due it for a lot of sweaters sold and delivered.

The stenographic report of the trial sets forth that "it is agreed in this case that the account sued on, if the defendants owed anything, they would owe that amount; but the defendants' contention is that they bought these goods on sample and that they did not come up to sample; that they took the goods in the store, sold some of them, and after some time the people who bought them commenced bringing them back, on the ground that they were worthless, and that then the defendants packed up the balance of the goods on hand and shipped them back to the plaintiff, and that these goods were rejected by the plaintiff, and are now in the hands of the railroad company, or were sold for freight."

No evidence was introduced by the appellee, but several witnesses were introduced by the appellants, who testified, in substance, that the sweaters were purchased by the appellants from one of the appellee's salesmen, who recommended the sweaters "as being absolutely satisfactory." When the sweaters were received, they appeared to be in accordance with the sample thereof exhibited by the salesman to the appellants at the time the order therefor was given. Some of the sweaters, the number of which does not appear, were sold by the appellants, and thereafter some of those sold, the number of which does not appear, were returned to them by the purchasers thereof, for the reason that they were of no value, being defective both in the dye used in coloring them, in their make-up, and in the material of which they were made. Thereupon the remaining sweaters were

returned to the appellee as set forth in the agreement hereinbefore referred to. At the close of the evidence, the court directed a verdict for the appellee, and there was a judgment accordingly.

The appellants' contention is that the defects in the sweaters were not ascertainable by an inspection thereof, but could be detected only by use, and that they had the right, when the defects were so ascertained, to cancel the contract therefor and return the sweaters. This we will assume, for the purpose of the argument, is true. The rule invoked by the appellants is that set forth in 24 R. C. L. 294, the authority for which, there cited, being Bunch v. Weil, 72 Ark. 343, 80 S. W. 582, 583, 65 L. R. A. 80, wherein it is said: "The rule appears to be that, when there is a breach of warranty, express or implied, in the sale of goods, the purchaser may, if the goods have been delivered to him, and he has paid for them the price (as in this case), upon discovering the breach of warranty, tender the goods back, or so much thereof as are undisposed of, and bring his suit against the vendor for the purchase price paid by him, less such amount as he may have realized on the goods disposed of before he ascertained the breach."

Applying this rule here, which we will assume for the purpose of the argument is correct, the appellants had the right to return to the appellee the sweaters undisposed of by them, and they would then be due the appellee the purchase price of all sweaters, less the price of those sold by them for which no claim was made against them by the purchasers. For the appellants to recover, therefore, the evidence must disclose (1) the number of sweaters purchased by the appellants from the appellee and the price thereof; (2) the number of sweaters sold by the appellants and the price received by them therefor; (3) the number of sweaters for which the appellants were compelled to refund the price for

which they had been sold; and (4) the number of sweaters returned by the appellants to the appellee. The evidence discloses none of this data, other than the aggregate price for which the sweaters were sold by the appellee to the appellants.

The judgment of the court below must be, and is, affirmed.